## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BOAZ PLEASANT-BEY, #473110 | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v | * | Civil Action No. DKC-16-3879 |
| | * | |
| THE CITY OF BALTIMORE, et al. | * | |
| | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM OPINION

Boaz Pleasant-Bey is an inmate at the Northeast Correctional Complex (NECX) in Mountain City, Tennessee.  He brings this action pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, *et seq.*, the Thirteenth Amendment, and the Fourteenth Amendment against the City of Baltimore, the Maryland Division of Vital Records, the Baltimore Social Security Administration, the U.S. Department of Health and Human Services, and the Secretary of the United States Department of Health and Human Services, claiming his religious beliefs cause him to reject his United States citizenship.  He wants this court to order Defendants to destroy his birth certificate and any other documents that identify him as a United States citizen and instead to identify him as a sovereign indigenous native African Moor.  ECF No. 1.

Also pending is Pleasant-Bey's motion for a preliminary injunction to order Defendants to destroy all documents showing him as a United States citizen, including his birth certificate and social security number and to require production of documents identifying him as Muhammad a sovereign indigenous native African Moor (ECF No. 2), motion for the filing fee to be withdrawn from his inmate trust account and to require reimbursement of filing fees (ECF No. 3), and motion requesting the Clerk of Court locate and provide defendants' addresses.  ECF

No. 4.  After careful consideration of the complaint and pending motions, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(a)(b)(1), and deny the other pending motions as moot.

## LEGAL STANDARD

Because Pleasant-Bey is "a prisoner seek[ing] redress from a governmental entity," the court must screen this complaint pursuant to 28 U.S.C. § 1915A(a), which reads in pertinent part, "[o]n review, the court shall ... dismiss the complaint ..., if the complaint - (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted ....".  28 U.S.C. § 1915A(b)(1).  A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Giarrantano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 666, 678  (2009) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.  *Id*.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.*

Against this background, the court is also mindful that the complaints of self-represented litigants such as Pleasant-Bey are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing such complaints to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction does not mean this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *Weller v. Dep't of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

**DISCUSSION**

In this disjointed and often indecipherable ten-page handwritten complaint, Pleasant-Bey explains his rejection of his United States citizenship is based on his understanding of the Quran and the history of slavery in the United States. He claims his United States citizenship, Social Security number and birth certificate, provided by Defendants, have "oppressed his birthright to be identified as a Sovereign Indigenous Native African Moor." ECF No. 1 at p. 5.

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In this case, Defendants, the City of Baltimore, the Maryland Division of Vital Records, the Baltimore Social Security Administration are not "persons" amenable to suit under § 1983.

The generally stated claims in the complaint are insufficient to premise a claim of constitutional magnitude. Pleasant-Bey brings this action pursuant to the Thirteenth Amendment, which prohibits slavery and involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted. U.S. Const. amend. XIII. The

Thirteenth Amendment does not give rise to a private cause of action, but may be asserted as the underlying constitutional claim for a violation of § 1983.  Pleasant-Bey, however, raises no allegations to demonstrate that he is in involuntary servitude.  Insofar as he summarily cites to the Fourteenth Amendment, Pleasant-Bey advances no allegations to suggest he has been denied due process of law.  Similarly, his single reference to RLUIPA, a law which prohibits a state or the federal government from placing any substantial burden on religious exercise by persons residing in, or confined to an institution, except to further compelling governmental interest, is insufficient to state a viable cause of action.  Even under the lenient standard of construction for self-represented plaintiffs, a complaint cannot survive on legal conclusions alone.

Pleasant-Bey appears to be using a variation of the philosophy colloquially referred to as the "flesh and blood" defense, which asserts that the courts lack jurisdiction over a defendant.  *See* James Erickson Evans, *The "Flesh and Blood" Defense*, 53 Wm. & Mary L. Rev. 1361, 1365–74 (2012).  In such cases individuals claim that they are "sovereign citizens," which they distinguish from "federal citizens" or "corporate citizens." *Id.* at 1371.  Such litigants "theorize that this citizenship is grounded in a contract between each citizen and the federal government - a contract that may be cancelled by renouncing citizenship." *Id.*  Efforts by litigants to renounce their obligations to conform their conduct to the requirements of United States law have been consistently rejected by the courts.  *See e.g. Kerr v. Hedrick*, 89 F. App'x 962, 963 (6th Cir. 2004) (rejecting the petitioner's claim that he was exempt from punishment for his federal crimes because his rights derived exclusively from the Moorish Science Temple of America); *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986) (holding that despite the defendant's contention that she was an absolute, freeborn and natural individual, she was a "person" under the Internal Revenue Code and thus subject to prosecution for willful failure to file tax returns);

*State v. Arnold*, 379 N.W.2d 322, 323 (S.D.1986) (holding that the trial court had jurisdiction over the criminal defendant, even though the defendant had declared natural individual sovereignty and declared the revocation of his marriage license, birth certificate, limited liability for perpetual succession of debt and credit, and social security indentures); *United States v. Williams*, 532 F. Supp. 319, 320 (D.N.J. 1981) (rejecting the defendant's claim that federal government lacked jurisdiction to prosecute him because he claimed to be a citizen of the "Republic of New Afrika," finding that this was not a sovereign nation recognized by the United States, but was, at most, a separatist movement); *see also Metaphyzic El-Ectromagnetic Supreme-El v. Director, Department of Corrections*, 2015 WL 1138246 *4 (E.D. Va. March 3, 2015) (collecting cases).

Fatal to Pleasant-Bey's assertions is that the Moorish Nation is not recognized as a sovereign state by the United States.  *See e.g. Benton–El v. Odom*, 2007 WL 1812615 *6 (M.D. Ga. June 19, 2007); *Osiris v. Brown*, 2004 WL 2044904 *2 (D. N.J. Aug. 24, 2005); *Khattab El v. United States Justice Dept.,* 1988 WL 5117 *2 (E.D. Pa. Jan. 22, 1988).  Pleasant-Bey cannot compel this court to bestow the citizenship he seeks nor does this court have authority to strip his United States citizenship as requested.  *See United States v. Lumumba,* 741 F.2d 12, 15 (2d Cir. 1984).  Of course, Pleasant-Bey may pursue any administrative or other means available to him to renounce his U.S. citizenship, cancel his social security card, and alter his birth certificate as may be available to him.

## CONCLUSION

As the court has no authority or ability to recognize Pleasant-Bey's attempt to successfully declare himself independent of the United States and ordering him to be recognized as he requests, the complaint fails to state a claim upon which relief may be granted.

Accordingly, the complaint will be dismissed under 28 U.S.C. §§ 1915A(a)(b)(1).  Pleasant-Bey's motions shall be denied as moot.  A separate order follows this memorandum opinion.


December 30, 2016                                          _____/s/_____
                                                                      DEBORAH K. CHASANOW
                                                                      United States District Judge